IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Denise Anne Crooker, Plaintiff                    Docket Number:
         v.
George J. Tessitore,
George Weitz,
Shaun Flynn,
Pennsylvania State Police,
Gerri Papillon,                                   Jury Trial Demanded
Camp Papillon Animal Shelter, Inc.,
Pocono Peak Veterinary Center,
Samantha Thompson, V.M.D.

## COMPLAINT

Plaintiff Denise Anne Crooker, by and through her attorney, Elizabeth

Anderson, Esquire, files the within Complaint against the Defendants and alleges as

follows:

### A. THE PARTIES

1.      Plaintiff Denise Anne Crooker, (hereinafter "Plaintiff"), is an adult

individual currently residing at 752 Toll Road, Chestnuthill Township, Effort,

Monroe County, Pennsylvania.

2.      At all times relevant hereto, Plaintiff is and was the owner of the

seven dogs and one rabbit that are the subject of this litigation.

3.      At all times relevant hereto, Defendant George J. Tessitore

(hereinafter "Defendant Tessitore") had a business address at the Pennsylvania State Police Fern Ridge station of 127 Parkside Avenue, Blakeslee, Monroe County, Pennsylvania.

4.      It is upon Plaintiff's reasonable information and belief that at all times relevant hereto, Defendant Tessitore was and is an employee, agent, and/or servant of the Pennsylvania State Police.

5.      At all times relevant hereto, Defendant Tessitore acted in his official capacity as an employee, agent, and/or servant of Defendant Pennsylvania State Police.

6.      At all times relevant hereto, Defendant Tessitore was acting under color of state law when he deprived the Plaintiff of her constitutional rights and the other rights asserted herein.

7.      At all times relevant hereto, Defendant George Weitz (hereinafter "Defendant Weitz") is believed to have had a business address at the Pennsylvania State Police Fern Ridge station of 127 Parkside Avenue, Blakeslee, Monroe County, Pennsylvania.

8.      It is upon Plaintiff's reasonable information and belief that at all times relevant hereto, Defendant Weitz was and is an employee, agent, and/or servant of the Pennsylvania State Police.

9.      At all times relevant hereto, Defendant Weitz acted in his official

capacity as an employee, agent, and/or servant of Defendant Pennsylvania State Police.

10. At all times relevant hereto, Defendant Weitz was acting under color of state law when he deprived the Plaintiff of her constitutional rights and the other rights asserted herein.

11. At all times relevant hereto, Defendant Shaun Flynn (hereinafter "Defendant Flynn") had a business address at the Pennsylvania State Police Fern Ridge station of 127 Parkside Avenue, Blakeslee, Monroe County, Pennsylvania.

12. It is upon Plaintiff's reasonable information and belief that at all times relevant hereto, Defendant Flynn was and is an employee, agent, and/or servant of the Pennsylvania State Police.

13. At all times relevant hereto, Defendant Flynn acted in his official capacity as an employee, agent, and/or servant of Defendant Pennsylvania State Police.

14. At all times relevant hereto, Defendant Flynn was acting under color of state law when he deprived the Plaintiff of her constitutional rights and the other rights asserted herein.

15. At all times relevant hereto, Defendant Pennsylvania State Police (hereinafter "Defendant P.S.P.") employed, instructed, supervised and/or directed Defendants Tessitore, Weitz and Flynn who were responsible for the undertaking

investigation into a complaint concerning animals at 752 Toll Road, Effort, the collection, unlawful retention, conversion and disposition of evidence and the Plaintiff's property and the subsequent failed and unlawful prosecution of Plaintiff without the requisite probable cause.

16.     At all times relevant hereto, Defendants P.S.P., Tessitore, Weitz and Flynn, as part of both their independent and joint responsibilities and duties owed to Plaintiff were responsible for ensuring that Plaintiff was to be investigated and prosecuted without violating her constitutional rights or other rights belonging to Plaintiff under federal or state law.

17.     At all times relevant hereto, Defendant Gerri Papillon (hereinafter "Defendant Papillon) was and is the President of the Board of Directors and/or a director, officer or manager of Camp Papillon Animal Shelter, Inc., formerly known as Camp Papillon Pet Adoption and Rescue, Inc.

18.     At all times relevant hereto, Defendant Papillon had a business address of 128 Brainerd Lane, Stroudsburg, Monroe County, Pennsylvania.

19.     It is upon Plaintiff's reasonable information and belief that at all times relevant hereto, Defendant Papillon was and is an employee, agent, volunteer, operator, manager and/or servant of Defendant Camp Papillon.

20.     At all times relevant hereto, Defendant Papillon acted in her official capacity as an employee, agent, director, officer, volunteer, operator, manager and/or

servant of Defendant Camp Papillon.

21.     At all times relevant hereto, Defendant Papillon was acting under color of state law and in conjunction with and in joint participation with the municipal and state actors when she deprived the Plaintiff of her constitutional rights and the other rights asserted herein.

22.     At all times relevant hereto, Defendant Papillon  employed, instructed, supervised and/or directed other Defendants who were responsible for their roles in the joint investigation into a complaint concerning animals at 752 Toll Road, Effort, the collection, unlawful retention, conversion and disposition of evidence and the Plaintiff's property and the subsequent failed and unlawful prosecution of Plaintiff without the requisite probable cause.

23.     At all times relevant hereto, Defendant Camp Papillon Animal Shelter, Inc., (hereinafter "Defendant Camp Papillon") is and was a domestic non-profit, non-stock corporation bearing entity number 3306891 with a business address of 128 Brainerd Lane, Stroudsburg, Monroe County, Pennsylvania. Said Defendant was formerly known as Camp Papillon Pet Adoption and Rescue, Inc.

24.     At all times relevant hereto, Defendant Camp Papillon operated an animal shelter at the Brainerd Lane location which, *inter alia,* houses, dogs, cats and other small animals.

25.     At all times relevant hereto, Defendant Camp Papillon  employed,

participated with, instructed, supervised and/or directed other Defendants named herein in their roles during the joint investigation into a complaint concerning animals at 752 Toll Road, Effort, the collection, unlawful retention, conversion and disposition of evidence and Plaintiff's property and the subsequent failed and unlawful prosecution of Plaintiff without the requisite probable cause.

26.  At all times relevant hereto, Defendant Camp Papillon, as part of both its independent and joint responsibilities and duties owed to Plaintiff, was responsible for ensuring that Plaintiff was not to be deprived of her constitutional rights to own and/or possess the animals that are the subject of this litigation, and to not convert or destroy any animal which is the subject of this litigation in violation of Plaintiff's constitutional rights or other rights belonging to Plaintiff under federal or state law.

27.  At all times relevant hereto, Defendant Pocono Peak Veterinary Center (hereinafter "Defendant Pocono Peak") employed, instructed, supervised and/or directed its individual employees, agents, servants or workmen and is responsible for its role in the events described herein, including, without limitation, the collection, unlawful retention, conversion and disposition of evidence and Plaintiff's property.

28.  At all times relevant hereto, Defendant Pocono Peak, as part of both its independent and joint responsibilities and duties owed to Plaintiff, was responsible for its role in ensuring that Plaintiff was to be investigated and prosecuted without

violating her constitutional rights or other rights belonging to Plaintiff under federal or state law and without converting Plaintiff's animals and destroying at least one of her dogs.

29.    At all times relevant hereto, Defendant Pocono Peak was acting under color of state law and in conjunction with and in joint participation with the municipal and state actors and other Defendants when it deprived the Plaintiff of her constitutional rights and the other rights asserted herein.

30.    It is upon Plaintiff's reasonable information and belief that at all times relevant hereto, Samantha Thompson, V.M.D., (hereinafter "Defendant Thompson") was and is the owner, operator, employee, agent, and/or servant of Pocono Peak Veterinary Center, located at 2149 West Main Street, Stroudsburg, Monroe County, Pennsylvania.

31.    At all times relevant hereto, Defendant Thompson acted in her official and professional capacity as a veterinarian licensed to practice in Pennsylvania and as the owner, operator, employee, agent, and/or servant of Defendant Pocono Peak Veterinary Center.

32.    At all times relevant hereto, Defendant Thompson employed, instructed, supervised and/or directed her individual employees, agents, servants or workmen and is responsible for her role in the events described herein, including, without limitation, the collection, unlawful retention, conversion and disposition of

evidence and Plaintiff's property.

33.    At all times relevant hereto, Defendant Thompson was acting under color of state law and in conjunction with and in joint participation with the municipal and state actors and other Defendants when she deprived the Plaintiff of her constitutional rights and the other rights asserted herein.

34.    At all times relevant hereto, Defendant Thompson was responsible for her role in the joint investigation into a complaint concerning animals at 752 Toll Road, Effort, the collection, unlawful retention, conversion, destruction, and disposition of evidence and Plaintiff's property and the subsequent failed and unlawful prosecution of Plaintiff without the requisite probable cause.

35.    At all times relevant hereto, Defendants P.S.P. and Pocono Peak, through its officers, supervisors, management, Board of Directors, and agents, did ratify, endorse, and approve of the courses of action of their respective employees, agents, volunteers, servants, directors ad officers and conspired with them to commit the violations alleged herein.

36.    At all times relevant hereto, the Defendants were acting in concert and conspired to illegally and wrongfully deprive Plaintiff of her constitutional rights and property in violation of Section 1983 and various other federal and state laws.

37.    The Defendants also conspired to maliciously prosecute and abuse the legal process as to Plaintiff as more fully described below.

38.     The municipal and non-municipal Defendants each acted in concert with each other in participated jointly in all or some of the events described herein.

39.     The Defendants were all acting as the agents of each other in the perpetration of the acts contained in this Complaint.

## B. JURISDICTION AND VENUE

40.     This action is brought pursuant to 42 U.S. Code Section 1983. Jurisdiction is based upon 28 U.S. Code Sections 1331 and 1341(1), (3) and (4), and 1343(a)(3) and 1343(a)(4) as this Complaint includes claims under not only Section 1983 but Section 1985 with the invocation of relief pursuant to Section 1988. Plaintiff further invokes supplemental jurisdiction under 28 U.S. Code Section 1376(g) which enables this Court to hear and decide claims raised under state law as they arise out of the same nucleus of operative facts.

Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S. Code Section 1391(b)(2) as this is the judicial district in all or most of the parties reside, and in which a substantial part of the events, acts and omissions giving rise to the claims stated herein occurred.

## C. STATEMENT OF FACTS

41.     As of September 19, 2018, Plaintiff was the owner but not the caretaker of and did not have a duty of care to seven dogs and one rabbit which were located at 752 Toll Road, Effort, Monroe County, Pennsylvania. 752 Toll Road is a

private home.

42.     As of September 19, 2018, Plaintiff was not living at the 752 Toll
Road property.

43.     As of September 19, 2018 Plaintiff was the owner of the residence
located at 752 Toll Road pursuant to a Supplemental Needs Trust.

44.     On or about September 19, 2018, Defendant Papillon went to 752
Toll Road in response to a call regarding dogs at that property.

45.     Defendant Papillon is a civilian and has no law enforcement authority.

46.     At the Plaintiff's preliminary hearing, Defendant Papillon testified that
she looked at one or more dogs outside the home and knocked on the door.

47.     Defendant Papillon further testified that when noone answered,
Defendants Papillon and Camp Papillon called the police.

48.     On September 19, 2018, Defendants Tessitore and Weitz went to the
Plaintiff's residence at 752 Toll Road regarding those same dogs.

49.     Plaintiff was not present at the property.

50.     Defendant P.S.P. contacted the Papillon Defendants because the P.S.P.
did not have housing for the animals.

51.     On September 20, 2018, Defendants Gerri Papillon and/or Defendant
Camp Papillon  went back to the Toll Road property with members of Defendant
P.S.P., including, without limitation, Defendant Flynn.

52.     On that day, being September 20, 2018, Defendant Flynn obtained
and executed a search warrant for the 752 Toll Road property. A copy of the search
warrant and inventory are attached hereto, marked as **Exhibit "A"** and is incorporated
herein by reference.

53.     The application for a search warrant filed by Defendants P.S.P. and
Flynn did not establish probable cause that Plaintiff had committed any crime
described in the warrant.

54.     The language contained in the search warrant affidavit does not describe
one or more violations of the Pennsylvania Crimes Code committed by the Plaintiff.

55.     The language contained in the search warrant affidavit is often
subjective and does not describe one or more violations of the Pennsylvania Crimes
Code committed by the Plaintiff.

56.     Some of the language in the search warrant affidavit materially conflicts
with language in the affidavit which is part of the criminal complaint.

57.     The search warrant affidavit cites 18 Pa.C.S. Section 5553 which claims
to permit the humane destruction of seized animals that are found to be disabled,
injured or diseased beyond reasonable hope of recovery.

58.     This language was deemed to be unconstitutional and a violation of an
animal owner's due process rights in his or her property in the case of *Commonwealth
v. Gonzalez*, 403 Pa. Super. 157 (Pa. 1991) citing the former Crimes Code section on

search warrants, 18 Pa.C.S. Section 5511(j).

59.     The search warrant application seeks to remove "Any and all animals to include alive, dead, born, or unborn that could be victims of Title 18 Section 5532 Neglect of Animals, Section 5533 Cruelty to Animal [sic], or Section 5534 Aggravted [sic] Cruelty to Animals." Said language is overly broad and unconstitutionally vague.

60.     One, some or all of the property seized by Defendants P.S.P. and Flynn did not constitute evidence of a past or ongoing crime as to the Plaintiff.

61.     Defendants P.S.P. and Flynn exceeded the scope of the warrant by seizing animals that did not constitute evidence of a past or ongoing crime committed by the Plaintiff.

62.     Plaintiff believes that Defendants P.S.P. and Flynn exceeded the scope of the warrant by having the Papillon Defendants present at the search warrant scene.

63.     As a result of the search warrant, Defendants Flynn and P.S.P. seized seven dogs and one rabbit.

64.     Custody of the animals was transferred from Defendants Flynn and P.S.P. to Defendants Papillon and Camp Papillon at the scene.

65.     Thereafter, Defendants P.S.P., Flynn and Tessitore failed and/or refused to take, supervise, monitor or act as a proper evidence custodian of the animals and as the investigating officer.

66.     According to testimony at the Plaintiff's preliminary hearing, the Papillon Defendants took the animals to Defendant Pocono Peak and thereafter, the animals were brought back to Defendant Camp Papillon's shelter.

67.     On or about October 31, 2018, Defendant Tessitore, in his capacity as the arresting officer and on behalf of Defendant P.S.P., filed criminal charges against Plaintiff charging her with various felony, misdemeanor and summary offenses regarding the animals seized from 752 Toll Road in Effort. See a copy of the Criminal Complaint which is attached hereto, marked as **Exhibit "B"** and is incorporated herein by reference..[1]

68.     Bail was set at $5,000.00 unsecured and a fingerprint order was issued for Plaintiff.

69.     Some of the charges required a *mens rea* of intentionally, knowingly and/or recklessly violating the Pennsylvania Crimes Code.

70.     Several of the misdemeanor and summary counts required that Plaintiff have a duty of care to the animals in question regardless of ownership. To have a duty of care, Plaintiff had to be present at the Toll Road property.

71.     At or about the preliminary hearing on January 18, 2019, the

---

[1] At one or more points, the criminal complaint filed by Defendant Tessitore against Plaintiff accuses Aaron Martin Peters, not Plaintiff, of various Crimes Code violations, to wit, Sections 5532(a), a misdemeanor, Section 5533(a), a summary offense and Section 5532(a), a summary. See a copy of the Criminal Complaint which is attached hereto, marked as Exhibit "B" and which is incorporated herein by reference.

Commonwealth attempted to add conspiracy counts to the charges pending against Plaintiff.

72.     Defendant Tessitore admitted during the preliminary hearing on the underlying criminal charges against Plaintiff that the home's occupant, Aaron Peters, indicated that his wife (meaning the Plaintiff), was not present at the home.

73.     At the preliminary hearing, Defendant Tessitore further admitted that he did not investigate how long Plaintiff had not been living at 752 Toll Road.

74.     The Commonwealth was precluded from introducing any veterinary testimony due to its inability to establish Dr. Chirstine Bongiorno's unavailability. Dr. Bongiorno is believed to have been an employee of Defendant Pocono Peak at all relevant times hereto.

75.     The Commonwealth was unable to establish the requisite *mens rea* or Plaintiff's duty of care to the seized animals and attempted to impose criminal liability on the ground that Plaintiff was an alleged owner of the animals, instead of imposing liability upon the individual with the duty of care as is mandated by Section 5532 of the Pennsylvania Crimes Code.

76.     The Commonwealth was unable to establish a *prima facie* case against Plaintiff.

77.     All of the charges pending against Plaintiff were dismissed at the preliminary hearing on January 18, 2019.

78.     At the preliminary hearing, it was learned that one of the dogs, while in the Defendants' custody, was euthanized without obtaining Plaintiff's consent or a court order. Her name was Elizabeth (formerly Kelly).

79.     Defendant Tessitore confirmed that he did not obtain Plaintiff's consent or a court order permitting the euthanasia of Elizabeth even though he was the arresting officer during is testimony at the preliminary hearing.

80.     Defendant Tessitore further testified that he did not destroy the dog.

81.     Defendant Papillon testified at the January 18, 2019 preliminary hearing that it was a veterinary decision to have Elizabeth put down.

82.     Defendant Papillion further testified at the January 18, 2019 preliminary hearing that she authorized the euthanasia of Elizabeth without first obtaining a court order.

83.     Defendant Papillon also testified that she did not contact Plaintiff prior to euthanizing Elizabeth because she did not know that Plaintiff existed at that time.

84.     Before leaving the Magistrate's court after the preliminary hearing, the undersigned asked Defendant Papillon for the return of Plaintiff's animals. Defendant Papillon refused to do so.

85.     Dogs are personal property under Pennsylvania law.

86.     On January 29, 2019, the undersigned sent a letter to Defendants

Papillon and Camp Papillon demanding the return of the remaining six dogs and the

rabbit that were seized on September 20, 2018. No reply was received to said letter.

A copy of the letter is attached hereto, marked as **Exhibit "C"** and is incorporated

herein by reference.

87.     Subsequently, the undersigned was contacted by an attorney for

Defendants Papillon and Camp Papillon. Despite communications between counsel,

the Papillon Defendants refused to return Plaintiff's animals. A copy of a letter from

the undersigned dated December 27, 2019 is attached hereto, marked as **Exhibit**

**"D"** and is incorporated herein by reference.

88.     To this day, Plaintiff's animals have not been returned by any or all of

the Defendants.

## COUNT I - CLAIM UNDER 42 U.S.C. SECTION 1985: CONSPIRACY PLAINTIFF v. ALL DEFENDANTS

89.     Plaintiff incorporates the allegations contained in paragraphs 1 through

88, inclusive, as through fully set forth herein.

90.     The Defendants named herein conspired with one another and with

third parties to deprive, either directly or indirectly, the Plaintiff of the equal

protection of the laws, including, but not limited to, violations of her fourth, fifth, and

fourteenth amendment rights under the United States Constitution.

91.     Two or more of the Defendants acted in combination and with a

common purpose to do an unlawful act, i.e., the illegal seizure of Plaintiff's property in violation of the Fourth Amendment, the unlawful retention and conversion of her property, the deprivation of her property without due process, and the illegal and malicious prosecution of Plaintiff without probable cause.

92. Alternatively, two or more Defendants acted in combination and with a common purpose to do a lawful act in an unlawful manner, i.e., the illegal seizure and retention of Plaintiff's property and the illegal and malicious prosecution of Plaintiff without probable cause.

93. Alternatively, two or more Defendants acted in combination and with a common purpose for an unlawful purpose, i.e., the illegal seizure of Plaintiff's property in violation of the Fourth Amendment, the unlawful retention and conversion of her property, the deprivation of her property without due process, and the illegal and malicious prosecution of Plaintiff without probable cause.

94. The Defendants each committed overt acts in furtherance of the conspiracy, including, without limitation, the cursory and inadequate investigation of a complaint concerning dogs at 752 Toll Road, the application for and execution of a search warrant for said property without probable cause as to the Plaintiff, the initiation of criminal charges against Plaintiff without probable cause, the attempt to add conspiracy charges at the last minute which were unsupported by the facts and the illegal retention and conversion of Plaintiff's dogs and the destruction of at least

one of her dogs.

95. As a result of said conspiracy, Plaintiff has been injured and unlawfully deprived of her property, i.e., her dogs and rabbit, has not received due process of law, has had to expend funds to defend herself against the underlying criminal charges, has been subject to the stresses of the criminal process, and her privacy interests have been invaded.

96. As a direct result of the conspiracy which led to these deprivations of her constitutional rights and property interests, Plaintiff has been forced to incur and expend sums for legal fees and expenses to defend the charges filed against her, has lost the value and the enjoyment of these animals, all to her detriment.

97. The actions taken by the Defendants named herein were wilful, malicious, deliberate, intentional and outrageous.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against the Defendants as prayed for in this Complaint, including, but not limited to, actual, consequential, treble and punitive damages as well as damages for pain and suffering, attorneys' fees pursuant to 42 Pa.C.S. Section 1988 and such additional relief as this Honorable Court may deem appropriate.

### COUNT II - CLAIM UNDER 42 U.S.C. SECTION 1983: FIFTH and FOURTEENTH AMENDMENT VIOLATIONS PLAINTIFF v. ALL DEFENDANTS

98. Plaintiff incorporates paragraphs 1 through 97, inclusive of this Complaint as though fully set forth herein.

99. Defendants violated Plaintiff's Fifth and Fourteenth Amendment rights and deprived her of her constitutional protections as codified in 42 U.S.C. Section 1983 in that:

(1) Defendants P.S.P., Tessitore, Flynn and Weitz improperly and inadequately investigated the subject complaint regarding dogs at 752 Toll Road in Effort;

(2) Defendants P.S.P., and Tessitore prosecuted and continued to prosecute a criminal case in which they knew or should have known that Plaintiff had not been present at the Toll Road property on September 19, 2018 and for periods of time before that;

(3) Defendants P.S.P., Tessitore and Flynn failed to investigate where Plaintiff was living prior to September 19, 2018;

(4) That the P.S.P., Tessitore and Flynn knew that they had to establish a duty of care and the requisite *mens rea* needed to state all of the elements of the offenses for which Plaintiff was charged;

(5) Defendants P.S.P., Flynn, Papillon and Camp Papillon seized and then retained Plaintiff's animals without the requisite probable cause in the search warrant;

(6) The allegations in the search warrant executed by Defendants P.S.P. and Flynn were inconsistent in several material respects with the allegations in the Criminal Complaint;

(7) Defendants P.S.P. and Tessitore filed criminal charges against Plaintiff without the requisite probable cause;

(8) Defendants P.S.P., Tessitore, Flynn, Weitz, Papillon and Camp Papillon have refused to return Plaintiff's animals upon the dismissal of charges against her, thus depriving her of a constitutionally protected property interest;

(9) The search warrant affidavit cites 18 Pa.C.S. Section 5553 which claims to permit the humane destruction of seized animals that are found to be disabled, injured or diseased beyond reasonable hope of recovery.

(10) This language was deemed to be unconstitutional and a violation of an animal owner's due process rights in his or her property in the case of *Commonwealth v. Gonzalez*, 403 Pa. Super. 157 (Pa. 1991) citing the former Crimes Code section on search warrants, 18 Pa.C.S. Section 5511(j).

(11)The search warrant application seeks to remove "Any and all animals to include alive, dead, born, or unborn that could be victims of Title 18 Section 5532 Neglect of Animals, Section 5533 Cruelty to

Animal [sic], or Section 5534 Aggravted [sic] Cruelty to Animals." Said language is overly broad and unconstitutionally vague.

(12) Defendants P.S.P., Tessitore, Papillon, Camp Papillon, Pocono Peak and Thompson, upon Plaintiff's reasonable belief, have euthanized or directed, approved, and/or ratified the euthanasia of the dog named Elizabeth without consent or a due process hearing, thus depriving Plaintiff of a constitutionally protected property interest.

100. As a direct result of the above acts, omissions and conduct as described herein, the P.S.P. Defendants and Papillon Defendants were able to remove Plaintiff's animals.

101. As a direct result of the above acts, omissions and conduct as described herein, Plaintiff was and continues to be deprived of her property without due process of law and in violation of her Fifth and Fourteenth Amendment rights and other rights belonging to her under federal or state law.

102. As a direct result of these deprivations of her constitutional rights and property interests, Plaintiff has been forced to incur and expend sums for legal fees and expenses to defend the charges filed against her, has lost the value and enjoyment of these animals, all to her detriment.

103. The actions taken by the Defendants named herein were wilful, malicious, deliberate, intentional and outrageous.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against the Defendants as prayed for in this Complaint, including, but not limited to, actual, consequential, treble and punitive damages as well as damages for pain and suffering, attorneys' fees pursuant to 42 Pa.C.S. Section 1988 and such additional relief as this Honorable Court may deem appropriate.

### COUNT III - CLAIM UNDER 42 U.S.C. SECTION 1983:
### FOURTH AND FOURTEENTH AMENDMENTS
### PLAINTIFF v. DEFENDANTS P.S.P., TESSITORE,
### FLYNN, PAPILLON AND CAMP PAPILLON

104.   Plaintiff incorporates the allegations contained in paragraphs 1 through 103, inclusive, as through fully set forth herein.

105.   The application for a search warrant filed by Defendants P.S.P. and Flynn did not establish probable cause that Plaintiff had committed any crime described in the warrant.

106.   The language contained in the search warrant affidavit does not describe one or more violations of the Pennsylvania Crimes Code against the Plaintiff.

107.   The language contained in the search warrant affidavit is often subjective and does not describe one or more violations of the Pennsylvania Crimes Code against the Plaintiff.

108.   Some of the language in the search warrant affidavit materially conflicts with language in the affidavit which is part of the Criminal Complaint.

109.   The search warrant affidavit cites 18 Pa.C.S. Section 5553 which claims to permit the humane destruction of seized animals that are found to be disabled, injured or diseased beyond reasonable hope of recovery.

110.   This language was deemed to be unconstitutional and a violation of an animal owner's due process rights in his or her property in the case of *Commonwealth v. Gonzalez*, 403 Pa. Super. 157 (Pa. 1991) citing the former Crimes Code section on search warrants, 18 Pa.C.S. Section 5511(j).

111.   The search warrant application seeks to remove "Any and all animals to include alive, dead, born, or unborn that could be victims of Title 18 Section 5532 Neglect of Animals, Section 5533 Cruelty to Animal [sic], or Section 5534 Aggravted [sic] Cruelty to Animals." Said language is overly broad and unconstitutionally vague.

112.   One, some or all of the property seized by Defendants P.S.P. and Flynn did not constitute evidence of a past or ongoing crime.

113.   Defendants P.S.P. and Flynn exceeded the scope of the warrant by seizing animals that did not constitute evidence of a past or ongoing crime.

114.   Defendants P.S.P. and Flynn exceeded the scope of the warrant by having the Papillon Defendants present.

115. The resultant search conducted by Defendants P.S.P. and Flynn violated Plaintiff's Fourth and Fourteenth amendment rights

116. As a direct result of these deprivations of her constitutional rights and property interests, Plaintiff has been forced to incur and expend sums for legal fees and expenses to defend the charges filed against her, has lost the value of her animals and the enjoyment of their animals, all to her detriment.

117. The actions taken by the Defendants named herein were wilful, malicious, deliberate, intentional and outrageous.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against the Defendants as prayed for in this Complaint, including, but not limited to, actual, consequential, treble and punitive damages as well as damages for pain and suffering, attorneys' fees pursuant to 42 Pa.C.S. Section 1988 and such additional relief as this Honorable Court may deem appropriate.

## COUNT IV - SUPERVISION, TRAINING,
## and P.S.P.'s POLICIES, PATTERN AND PRACTICE
## PLAINTIFF v. DEFENDANT P.S.P.

118. Plaintiff incorporates the allegations contained in paragraphs 1 through 117, inclusive, as though fully set forth herein.

119. At all times relevant hereto, Defendant P.S.P. was and is still responsible for and had a duty to properly respond, investigate and where

appropriate, prosecute various alleged offenses under the Pennsylvania Crimes Code.

120. At all times relevant hereto, Defendant P.S.P. knew or should have known through Defendants Tessitore and Flynn, that search warrant and later, the criminal charges against the Plaintiff were instituted without probable cause.

121. At all times hereto, Defendants P.S.P., Tessitore and Flynn were acting under the color of state law.

122. At all times relevant hereto and despite its duty to do so, Defendant P.S.P. failed to properly observe, monitor, train, supervise, and educate the individual Defendants, including Defendants Tessitore and Flynn, in the proper investigation and prosecution of suspected cases of animal abuse.

123. At all times relevant hereto, and despite its duty to do so, Defendant P.S.P. failed to properly take appropriate steps to prevent the (1) unlawful searches and seizures of property regarding individuals such as and including Plaintiff; (2) the unlawful deprivations of property belonging to individuals such as and including Plaintiff; (3) the prosecution of individuals such as and including Plaintiff without probable cause; and (4) the unlawful destruction of property belonging to individuals such as and including Plaintiff.

124. Defendant P.S.P., has encouraged, tolerated, ratified and has been deliberately indifferent to certain patterns, practices, and customs as well as the need for more or different training, supervision, investigation, supervision, or monitoring

of its personnel who are conducting criminal investigations and prosecuting suspects.

125. Defendant P.S.P.'s encouragement, toleration, ratification and deliberate indifference to the aforesaid patterns and conditions created a significant and appreciable risk that its personnel would not investigate suspected complaints of animal cruelty properly and adequately.

126. Through Defendant P.S.P.'s encouragement, toleration, ratification and deliberate indifference to the aforesaid patterns and conditions, said Defendant exhibited reckless disregard and wilful, wanton and deliberate indifference to Plaintiff's constitutional, federal and state rights and her property interests in the seized animals.

127. Defendant P.S.P.'s encouragement, toleration, ratification and deliberate indifference to the aforesaid patterns and conditions caused the violations of Plaintiff's constitutional, federal and state rights and her property interests in the seized animals and the unnecessary and wanton infliction of stress and mental anguish and the incursion of funds to defend herself in the criminal process.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against the Defendants as prayed for in this Complaint, including, but not limited to, actual, consequential, treble and punitive damages as well as damages for pain and suffering, attorneys' fees pursuant to 42 Pa.C.S.

Section 1988 and such additional relief as this Honorable Court may deem
appropriate.

## COUNT V - MALICIOUS PROSECUTION
### PLAINTIFF v. DEFENDANTS P.S.P., FLYNN and TESSITORE

128. Plaintiff incorporates the allegations contained in paragraphs 1
through 127, inclusive, as though fully set forth herein.

129. The Defendants named in this Count are all state actors.

130. Defendants P.S.P and Tessitore initiated the within-named criminal
proceeding against the Plaintiff.

131. Defendant Flynn obtained a search warrant as part of the malicious
prosecution of Plaintiff which lacked the requisite probable cause.

132. The criminal case terminated in Plaintiff's favor when the charges
were dismissed at the preliminary hearing.

133. The criminal case against Plaintiff was initiated without probable
cause.

134. Defendants P.S.P., Flynn and Tessitore acted maliciously or for a
purpose other than bringing the Plaintiff to justice.

135. As a direct and proximate result of said Defendants' actions, the
Plaintiff was subject to a significant deprivation of pretrial liberty in that her court
appearance was secured by means of bail and/or bail conditions, Plaintiff was
fingerprinted, a criminal complaint was issued against her and she had to spent

funds to defend herself in the criminal proceedings.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court

enter judgment in her favor and against the Defendants as prayed for in this

Complaint, including, but not limited to, actual, consequential, treble and

punitive damages as well as damages for pain and suffering, attorneys' fees

pursuant to 42 Pa.C.S. Section 1988 and such additional relief as this Honorable

Court may deem appropriate.

## COUNT VI - CONVERSION
## PLAINTIFF v. DEFENDANTS P.S.P., TESSITORE, PAPILLION, CAMP PAPILON, POCONO PEAK AND DR. THOMPSON

136. Plaintiff incorporates the allegations contained in paragraphs 1

through 135, inclusive, as though fully set forth herein.

137. At all times relevant hereto, Plaintiff was and is still the owner of the

seven animals seized by the P.S.P. and Papillon Defendants and was and still is

entitled to possess them.

138. Animals are property under Pennsylvania Law.

139. Defendants deprived Plaintiff of her possession of the seven animals

mentioned herein without her consent and without lawful justification.

140. The animals seized and converted by the Defendants are:
   A. An adult female boxer/pit bull terrier type black and brindle dog
   B. A labrador mixed breed neutered male dog.
   C. A female pitbull terrier/labrador type adult dog.

D. A neutered male black chow chow and pit bll terrier type mixed
breed adult dog.

E. A white spayed female pomeranian type dog.

F. A male pitbull terrier/labrador type mixed breed adult dog.

G. A male pitbull terrier/labrador type mixed breed adult dog.

H. One white adult female rabbit.

141. Defendants, individually and/or jointly, exercised dominion and

control over these animals without Plaintiff's consent and without lawful

justification in various ways, including, without limitation:

    a.    Refusing to return or release these animals to Plaintiff despite
repeated requests and demands;

    b.    Euthanizing at least one dog referred to as Elizabeth.

    c.    Upon reasonable belief, Plaintiff asserts that unnecessary
treatments may have been provided to her animals without her
knowledge or consent; and

    e.    Such other acts, omissions, statements or conduct as will be
brought forth at trial.

142. Defendants, individually and/or jointly, intentionally, wrongfully

and illegally attempted to deprive Plaintiff of her right, title and ownership

interest in her animals without her consent and without lawful justification.

143. The conversion of Plaintiff's animals by Defendants has caused

Plaintiff to hire an attorney to file the instant lawsuit in an attempt to have her

pets returned; in dong so she has had to incur various costs and expenses, all to

their financial detriment.

144. Defendants' conduct so shocks the conscious and is so outrageous,

reckless, wilful and illegal so as to justify an award of punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against the Defendants as prayed for in this Complaint, including, but not limited to, actual, consequential, treble and punitive damages as well as damages for pain and suffering, attorneys' fees pursuant to 42 Pa.C.S. Section 1988 and such additional relief as this Honorable Court may deem appropriate.

## COUNT VII: REPLEVIN
## PLAINTIFF v. DEFENDANTS P.S.P., TESSITORE, PAPILLION, CAMP PAPILON, POCONO PEAK AND DR. THOMPSON

145. Plaintiffs incorporate paragraphs 1 through 144, inclusive, of her Complaint as though fully set forth herein.

146. At all times relevant hereto, Plaintiff was and still is the owner of the seven animal seized and converted by Defendants P.S.P., Tessitore, Papillon, Camp Papillon, Pocono Peak and Dr. Thompson.

147. Plaintiff was and is still the sole owner of the animals seized and converted and is still entitled to possess them.

148. Defendants named in this Count have unlawfully and without consent or justification gained possession over Plaintiff's animals and have illegally and without justification or consent kept them away from their owner and the Defendants, individually and/or jointly have refused to return them

despite multiple requests and demands.

149.   As a direct and proximate result of Defendants' unlawful detention of Duke, Plaintiff has been forced to hire an attorney to file the instant lawsuit in an attempt to get their dog back; they have also had to incur various costs and expenses in this lawsuit and in an attempt to get her pets returned, all to her financial detriment.

150.   The property which is the subject of this action is easily identifiable and their identities are known to all parties.

151.   Defendants' conduct so shocks the conscious and is so outrageous, reckless, wilful and illegal so as to justify an award of punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against the Defendants as prayed for in this Complaint, including, but not limited to, actual, consequential, treble and punitive damages as well as damages for pain and suffering, attorneys' fees pursuant to 42 Pa.C.S. Section 1988 and such additional relief as this Honorable Court may deem appropriate.

Dated: September 17, 2020          By: _____

ELIZABETH ANDERSON, Esq.
Attorney for Plaintiff



# Commonwealth of Pennsylvania

## COUNTY OF  Monroe

### APPLICATION FOR
### SEARCH WARRANT
### AND AUTHORIZATION

| Docket Number (Issuing Authority): | Police Incident Number:  PA 2018-1081232 | Warrant Control Number: |
|---|---|---|

| Tpr. Shaun FLYNN | PSP/Fern Ridge | (570) 646-2271 | 09/20/18 |
|---|---|---|---|
| AFFIANT NAME | AGENCY | PHONE NUMBER | DATE OF APPLICATION |

**IDENTIFY ITEMS TO BE SEARCHED FOR AND SEIZED (Be as specific as possible):**

Any and all animals to include alive, dead, born, or unborn that could be victims of Title 18 Section 5532 Neglect of Animals, Section 5533 Cruelty to Animal, or Section 5534 Aggravted Cruelty to Animals.

**SPECIFIC DESCRIPTION OF PREMISES AND/OR PERSON TO BE SEARCHED (Street and No., Apt. No., Vehicle, Safe Deposit Box, etc.):**

Residence located at 752 Toll Rd. Effort, PA. The residence is a tan ranch style home on a corner lot. The curtilage around the residence where any and all animals are present to include any out buildings on the property.

**NAME OF OWNER, OCCUPANT OR POSSESSOR OF SAID PREMISES TO BE SEARCHED (If proper name is unknown, give alias and/or description):**

Aaron Martin PETERS

| VIOLATION OF (Describe conduct or specify statute): | DATE(S) OF VIOLATION: |
|---|---|
| Sections 5532, 5533, 5534 | 09/20/18 |

☒ **Warrant Application Approved by District Attorney – DA File No.** _____
(If DA approval required see Pa.R.Crim.P. 202(A) with assigned File No. per Pa.R.Crim.P. 507)

☐ **Additional Pages Attached (Other than Affidavit of Probable Cause)**  Rich P. white

☒ **Probable Cause Affidavit(s) MUST be attached (unless sealed below)  Total number of pages:** _____

TOTAL NUMBER OF PAGES IS SUM OF ALL APPLICATION, PROBABLE CAUSE AND CONTINUATION PAGES EVEN IF ANY OF THE PAGES ARE SEALED.

The below named Affiant, being duly sworn (or affirmed) before the Issuing Authority according to law, deposes and says that there is probable cause to believe that certain property is evidence of or the fruit of a crime or is contraband or is unlawfully possessed or is otherwise subject to seizure, and is located at the particular premises or in the possession of the particular person as described above. I certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents.

| Signature of Affiant | PSP/Fern Ridge Agency or Address if Private Affiant | 10877 Badge Number |
|---|---|---|

Sworn to and subscribed before me this  20  day of  Sept  2018  Mag. Dist. No.  43-3-04

| Signature of Issuing Authority | PO Box 218 Brodheadsville Office Address | (SEAL) |
|---|---|---|

**SEARCH WARRANT TO LAW ENFORCEMENT OFFICER.**  WHEREAS, facts have been sworn to or affirmed before me by written affidavit(s) attached hereto from which I have found probable cause, I do authorize you to search the premises or person described, and to seize, secure, inventory and make return according to the Pennsylvania Rules of Criminal Procedure.

☐ This Warrant shall be served as soon as practicable and shall be served only between the hours of 6AM to 10PM but in no event later than:*

☒ This Warrant shall be served as soon as practicable and may be served any time during the day or night but in no event later than: **
2:43 P.M., o'clock  9-22-18

☐ This Warrant shall be returned to judicial officer  mancuso

\* The issuing authority should specify a date not later than two (2) days after issuance. Pa.R.Crim.P. 205(4).
\*\* If the issuing authority finds reasonable cause for issuing a nighttime warrant on the basis of additional reasonable cause set forth in the accompanying affidavit(s) and wishes to issue a nighttime warrant, then this block shall be checked. Pa.R.Crim.P. 206(7).

Issued under my hand this  20  day of  Sept  2018  at  6:30  M. o'clock.

| Signature of Issuing Authority | 43-3-04 Mag. Dist. or Judicial Dist. No. | 2:43P Date | 1-2024 Commission Expires | (SEAL) |
|---|---|---|---|---|

Title of Issuing Authority:  ☒ Magisterial District Judge  ☐ Common Pleas Judge ☐ _____

☐ **For good cause stated in the affidavit(s) the Search Warrant Affidavit(s) are sealed for** _____ **days by my certification and signature.  (Pa.R.Crim.P. 211)**

_____ (Date)  (SEAL)
**Signature of Issuing Authority** (Judge of the Court of Common Pleas or Appellate Court Justice or Judge).

AOPC 410A

TO BE COMPLETED BY THE ISSUING AUTHORITY

570-646-2271

Exhibit "A"

(handwritten left margin: Troopers Tess Hore)

# Commonwealth of Pennsylvania

**COUNTY OF** Monroe



# AFFIDAVIT OF PROBABLE CAUSE

| Docket Number (Issuing Authority): | Police Incident Number: PA 2018-1081232 | Warrant Control Number: |

*PROBABLE CAUSE BELIEF IS BASED UPON THE FOLLOWING FACTS AND CIRCUMSTANCES:*

1. In that your affiant, Trooper Shaun M. FLYNN, is a duly sworn member of the Pennsylvania State Police, Troop N/Fern Ridge Criminal Investigation Unit.

2. That on Wednesday, 09/19/18, at approximately 0728 hours, PSP/Fern Ridge responded to the residence of 752 Toll Rd. Effort, PA, Monroe County, for a report of multiple dog law violations. After further investigation, troopers from PSP/Fern Ridge discovered the outside of the residence in deplorable conditions. They observed mutiple dogs in a fenced in area in the rear of the residence, confined to chains in living conditions that were less than habitable, such as feces everywhere, miscelaneous household trash strewn about the property. All of the dogs that were observed were emaciated, in particular one of the dogs was severely emaciated. The dog was observed severely ematiated was urinating blood while the troopers were there. When troopers responded to the residence on Thursday, 09/20/18, that severely emaciated dog was not outside of the residence and is believed to be inside the residence. An unknown number of cats were also observed inside and outside of the residence. The inside of the residence was observed in deplorable conditions with more animals observed inside the residence living in conditions that were less that habitable.

3. As Per Title 18§ 5553. Search warrants.
Where a violation of this subchapter is alleged, an issuing authority may, in compliance with the applicable provisions of the Pennsylvania Rules of Criminal Procedure, issue to a police officer or an agent of a society or association for the prevention of cruelty to animals duly incorporated under the laws of this Commonwealth a search warrant authorizing the search of a building or an enclosure in which a violation of this subchapter is occurring or has occurred and authorizing the seizure of evidence of the violation, including, but not limited to, the animals which were the subject of the violation. Where an animal seized is found to be neglected or starving, the police officer or agent is authorized to provide the care that is reasonably necessary and, where any animal seized is found to be disabled, injured or diseased beyond reasonable hope of recovery, the police officer or agent is authorized to provide for the humane destruction of the animal.

4. Based on the above listed information, your affiant is respectfully requesting a search of the residence that will be necessary for the development of further investigative evidence, regarding any and all violations of Title 18 Sections 5532, 5533, 5534.

---

I, THE AFFIANT, BEING DULY SWORN ACCORDING TO LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF. I certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents.

_____ (SEAL)

| Affiant Signature | Date 09/20/18 | Issuing Authority Signature | Date |

AOPC 410B

2

## Commonwealth of Pennsylvania

**COUNTY OF** Monroe



## RETURN of SERVICE AND INVENTORY

| | | |
|---|---|---|
| Docket Number: (Issuing Authority). | Police Incident Number: PA 2018-1061232 | Warrant Control Number: |
| Date of Search: 09/20/18 | Time of Search: | Property Seized as result of Search(Y/N): Y |
| Date of Return: | Time of Return: | Officer Making Return: |

Signature of Person Seizing Property:

Other Officers Participating in Search:

### Pa.R.Crim.P. Chapter 2, Part A. SEARCH WARRANTS

*Rule 202. Approval of Search Warrant Applications by Attorney for the Commonwealth - Local Option.*

(a) The District Attorney of any county may require that search warrant applications filed in the county have the approval of an attorney for the Commonwealth prior to filing.

*Rule 204. Person To Serve Warrant.*

A search warrant shall be served by a law enforcement officer.

*Rule 205. Contents of Search Warrant.*

Each search warrant shall be signed by the issuing authority and shall:

(1) specify the date and time of issuance;

(2) identify specifically the property to be seized;

(3) name or describe with particularity the person or place to be searched;

(4) direct that the search be executed either; (a) within a specified period of time, not to exceed 2 days from the time of issuance, or; (b) when the warrant is issued for a prospective event, only after the specified event has occurred.

(5) direct that the warrant be served in the daytime unless otherwise authorized on the warrant, PROVIDED THAT, for purposes of the Rules of Chapter2, Part A., the term "daytime" shall be used to mean the hours of 6 a.m. to 10 p.m.;

(6) designate by title the judicial officer to whom the warrant shall be returned;

(7) certify that the issuing authority has found probable cause based upon the facts sworn to or affirmed before the issuing authority by written affidavit(s) attached to the warrant; and

(8) when applicable, certify on the face of the warrant that for good cause shown the affidavit(s) is sealed pursuant to Rule 211 and state the length of time the affidavit(s) will be sealed.

*Rule 206. Contents of Application for Search Warrant.*

Each application for a search warrant shall be supported by written affidavit(s) signed and sworn to or affirmed before an issuing authority, which affidavit(s) shall:

(1) state the name and department, agency, or address of the affiant;

(2) identify specifically the items or property to be searched for and seized;

(3) name or describe with particularity the person or place to be searched;

(4) identify the owner, occupant, or possessor of the place to be searched;

(5) specify or describe the crime which has been or is being committed;

(6) set forth specifically the facts and circumstances which form the basis for the affiant's conclusion that there is probable cause to believe that the items or property identified are evidence or the fruit of a crime, or are contraband, or are or are expected to be otherwise unlawfully possessed or subject to seizure, and that these items or property are or are expected to be located on the particular person or at the particular place described;

(7) if a "nighttime" search is requested (i.e., 10 p.m. to 6 a.m.), state additional reasonable cause for seeking permission to search in the nighttime; and

(8) when the attorney for the Commonwealth is requesting that the affidavit(s) be sealed pursuant to Rule 211, state the facts and circumstances which are alleged to establish good cause for the sealing of the affidavit(s).

*Rule 208. Copy of Warrant; Receipt for Seized Property.*

(a) A law enforcement officer, upon taking property pursuant to a search warrant, shall leave with the person from whom or from whose premises the property was taken a copy of the warrant and affidavit(s) in support thereof, and a receipt for the property seized A copy of the warrant and affidavit(s) must be left whether or not any property is seized.

(b) If no one is present on the premises when the warrant is executed, the officer shall leave the documents specified in paragraph (a) at a conspicuous location in the said premises. A copy of the warrant and affidavit(s) must be left whether or not any property is seized.

(c) Notwithstanding the requirements in paragraphs (a) and (b), the officer shall not leave a copy of an affidavit that has been sealed pursuant to Rule 211.

*Rule 209. Return with Inventory.*

(a) An inventory of items seized shall be made by the law enforcement officer serving a search warrant. The inventory shall be made in the presence of the person from whose possession or premises the property was taken, when feasible, or otherwise in the presence of at least one witness. The officer shall sign a statement on the inventory that it is a true and correct listing of all items seized, and that the signer is subject to the penalties and provisions of 18 Pa.C.S. Section 4904(b) - Unsworn Falsification to Authorities. The inventory shall be returned to and filed with the issuing authority.

(b) The judicial officer to whom the return was made shall upon request cause a copy of the inventory to be delivered to the applicant for the warrant and to the person from whom, or from whose premises, the property was taken.

(c) When the search warrant affidavit(s) is sealed pursuant to Rule 211, the return shall be made to the justice or judge who issued the warrant.

## THE LAW ENFORCEMENT OFFICER SHALL MAKE ALL RETURNS TO THE ISSUING AUTHORITY DESIGNATED ON THE SEARCH WARRANT.

AOPC 413A

3

A COPY OF THIS FORM, WHEN COMPLETED, IS TO BE ATTACHED TO EACH COPY OF THE SEARCH WARRANTS/AFFIDAVIT

| Commonwealth of Pennsylvania | RECEIPT / INVENTORY OF SEIZED PROPERTY |
|---|---|
| COUNTY OF Monroe | |

| Docket Number: (Issuing Authority): | Police Incident Number: PA 2018-1081232 | Warrant Control Number: |
|---|---|---|

| Date of Search: 9/20/18 | Time of Search: | Inventory Page Number: of Pages |
|---|---|---|

| Tpr. Shaun FLYNN | PSP/Fern Ridge | 10877 |
|---|---|---|
| Affiant | Agency or Address if private affiant | Badge No. |

The following property was taken / seized and a copy of this Receipt / Inventory with a copy of the Search Warrant(s) and affidavit(s) (if not sealed) was

☒ personally served on (name of person)   AARON MARTIN PETERS

☐ was left at (describe the location) _____

| Item Number | Quantity | Item Description | Make, Model, Serial No., Color, etc. |
|---|---|---|---|
| 1 | 1 | BROWN / BLACK LAB | |
| 2 | 1 | BLACK / BROWN GERMAN SHEPPARD | |
| 3 | 1 | BROWN GERMAN SHEPPARD MIX | |
| 4 | 1 | BLACK LAB | |
| 5 | 1 | BROWN BOXER MIX | |
| 6 | 1 | BLACK BOXER / PIT | |
| 7 | 1 | WHITE POMERANIAN | |
| 8 | 1 | WHITE RABBIT | |

I/we do hereby state that this inventory is to the best of my/our knowledge and belief a true and correct listing of all items seized, and that I/we sign this Receipt / Inventory subject to the penalties and provisions of Title 18 Pa.C.S. 4904(b)--Unsworn Falsification to Authorities.

| | TARELL | PSP | 10417 |
|---|---|---|---|
| Signature of person Issuing Receipt / Inventory | Printed Name | Affiliation | Badge or Title |

| | | | |
|---|---|---|---|
| Signature of Witness | Printed Name | Affiliation | Badge or Title |

| | | | |
|---|---|---|---|
| Signature of person making search | Printed Name | Affiliation | Badge or Title |

AOPC 413B

4

| All Charge(s) | | |
|---|---|---|
| 18 § 5534 §§ A2 (Lead) | Aggravated Cruelty to Animals - Causing SBI or Death | |
| 18 § 5533 §§ A | Cruelty to Animals | 8 counts |
| 18 § 5532 §§ A | Neglect of Animals - Tethering | 8 counts |

FREE INTERPRETER
www.pacourts.us/language-rights
570-617-3009

12/04/2018 TUE 21:58 FAX 570 421 8157 Law Offices 005/005

## POLICE CRIMINAL COMPLAINT
### COMMONWEALTH OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF: MONROE

VS.

| Magisterial District Number: | 43-3-04 |
|---|---|
| MDJ Name: Hon. | COLLEEN MANCUSO |
| Address: | 1479 ROUTE 209 |
| | PO BOX 218 |
| | BRODHEADSVILLE, PA 18322 |
| Telephone: | 570-992-4919 |

**DEFENDANT:** *(NAME and ADDRESS):*

DENISE ANNE CROOKER

| First Name | Middle Name | Last Name | Gen. |
|---|---|---|---|
| 752 TOLL RD, EFFORT, PA 18330 | | | |

### NCIC EXTRADITION CODE TYPE

| | | | Distance: |
|---|---|---|---|
| ☐ 1-Felony Full | ☐ 5-Felony Pend. | ☐ C-Misdemeanor Surrounding States | |
| ☐ 2-Felony Ltd. | ☐ 6-Felony Pend. Extradition Determ. | ☐ D-Misdemeanor No Extradition | |
| ☐ 3-Felony Surrounding States | ☐ A-Misdemeanor Full | ☐ E-Misdemeanor Pending | |
| ☒ 4-Felony No Ext. | ☐ B-Misdemeanor Limited | ☐ F-Misdemeanor Pending Extradition Determ. | |

### DEFENDANT IDENTIFICATION INFORMATION

| Docket Number | Date Filed | OTN/LiveScan Number | Complaint/Incident Number | Request Lab Services? |
|---|---|---|---|---|
| CR-379-18 | 10/31/18 | U644048-6 | PA 2018-1081232 | ☐ YES ☒ NO |

| GENDER | DOB 02/09/65 | POB PENNSYLVANIA | | Add'l DOB | Co-Defendant(s) ☒ |
|---|---|---|---|---|---|
| ☐ Male ☒ Female | AKA | First Name: | Middle Name: | Last Name: | Gen. |

| RACE | ☒ White | ☐ Asian | ☐ Black | ☐ Native American | | ☐ Unknown |
|---|---|---|---|---|---|---|

| ETHNICITY | ☐ Hispanic | ☒ Non-Hispanic | ☐ Unknown |
|---|---|---|---|

| HAIR COLOR | ☐ GRY (Gray) | ☐ RED (Red / Aubn.) | ☐ SDY (Sandy) | ☐ BLU (Blue) | ☐ PLE (Purple) | ☐ BRO (Brown) |
|---|---|---|---|---|---|---|
| | ☐ BLK (Black) | ☐ ONG (Orange) | ☐ WHI (White) | ☐ XXX (Unk. / Bald) | ☐ GRN (Green) | ☐ PNK (Pink) |
| | ☒ BLN (Blonde / Strawberry) | | | | | |

| EYE COLOR | ☐ BLK (Black) | ☐ BLU (Blue) | ☐ BRO (Brown) | ☐ GRN (Green) | ☐ GRY (Gray) |
|---|---|---|---|---|---|
| | ☒ HAZ (Hazel) | ☐ MAR (Maroon) | ☐ PNK (Pink) | ☐ MUL (Multicolored) | ☐ XXX (Unknown) |
| | | | | | **WEIGHT (lbs.)** |
| | | | | | 150 |

| DNA | ☐ YES ☒ NO | DNA Location | | |
|---|---|---|---|---|
| FBI Number | 66314DA4 | | MNU Number | **Ft. HEIGHT In.** |
| Defendant Fingerprinted | ☐ YES ☒ NO | | | 5 / 05 |
| Fingerprint Classification: | | | | |

### DEFENDANT VEHICLE INFORMATION

| Plate # | State | Hazmat ☐ | Registration Sticker (MM/YY) | Comm'l Veh. Ind. ☐ | School Veh. ☐ | Oth. NCIC Veh. Code | Reg. same as Def. ☐ |
|---|---|---|---|---|---|---|---|
| VIN | | Year | Make | Model | Style | Color | |

Office of the Attorney for the Commonwealth ☒ Approved ☐ Disapproved because: _____

*(The attorney for the Commonwealth may require that the complaint, arrest warrant affidavit, or both be approved by the attorney for the Commonwealth prior to filing. Pa.R.Crim.P.507.)*

RICH WHITE
*(Name of Attorney for Commonwealth - Please Print or Type)*

APPROVED VIA EMAIL
*(Signature of Attorney for Commonwealth)*

10/16/18
*(Date)*

I, TPR. GEORGE TESSITORE
*(Name of Affiant - Please Print or Type)*

00708350/12497
*(PSP/MPOETC - Assigned Affiant ID Number & Badge #)*

of the Pennsylvania State Police, Troop N, Fern Ridge
*(Identify Department or Agency Represented and Political Subdivision)*

PAPSP2800
*(Police Agency ORI Number)*

do hereby state: (check appropriate box)

1. ☒ I accuse the above named defendant who lives at the address set forth above

☐ I accuse the defendant whose name is unknown to me but who is described as ___

☐ I accuse the defendant whose name and popular designation or nickname is unknown to me and whom I have therefore designated as John Doe or Jane Doe.

with violating the penal laws of the Commonwealth of Pennsylvania at: 202 / 752 TOLL RD, CHESTNUTHILL TOWNSHIP
(Subdivision Code) (Place-Political Subdivision)

in MONROE County / 45 / on or about WEDNESDAY, 09/19/18, AT APPROXIMATELY 0728 HRS
(County Code) (Offense Date)

MAGISTERIAL DISTRICT COURT
43-3-04
RECEIVED

MAGISTERIAL DISTRICT COURT
43-3-04
RECEIVED

OCT 22 2018

OCT 31 2018

Exhibit "B"

 **POLICE CRIMINAL COMPLAINT**

| Docket Number.<br>CR-379-18 | Date Filed:<br>10/31/18 | OTN/LiveScan Number<br>U644048-6 | | Complaint/Incident Number<br>PA 2018-1081232 |
|---|---|---|---|---|
| **Defendant Name** | First:<br>DENISE | | Middle:<br>ANNE | Last:<br>CROOKER |

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.
(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.

| Inchoate Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☐ Conspiracy<br>18 903 | Number of Victims Age 60 or Older: 0 |
|---|---|---|---|---|

| ☒ Lead? | 1 | 5534 | (a)(2) | of the | Title 18 , PA Crimes Code | 1 | F3 | | 260/ |
|---|---|---|---|---|---|---|---|---|---|
| | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |

| PennDOT Data<br>(If applicable) | | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|---|

Statute Description (include the name of statute or ordinance):
**Aggravated Cruelty to Animal**

Acts of the accused associated with this Offense:
IN THAT, on or about said date, Denise Anne CROOKER did intentionally or knowingly violate Section 5532 (relating to neglect of animal) or 5533 (relating to cruelty to animal) causing serious bodily injury to the animal or the death of the animal, in violation of Section 5534(a)(2) of the PA Crimes Code

| Inchoate Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☐ Conspiracy<br>18 903 | Number of Victims Age 60 or Older: 0 |
|---|---|---|---|---|

| ☐ Lead? | 2 | 5533 | (a) | of the | Title 18 , PA Crimes Code | 1 | M2 | | 260/ |
|---|---|---|---|---|---|---|---|---|---|
| | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |

| PennDOT Data<br>(If applicable) | | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|---|

Statute Description (include the name of statute or ordinance):
**Cruelty to Animal**

Acts of the accused associated with this Offense:
IN THAT, on or about said date, Denise Anne CROOKER did intentionally, knowingly or recklessly illtreat, overload, beat, abandon or abuse an animal, causing bodily injury to the animal or places the animal at imminent risk of serious bodily injury, in violation of Section 5533(a) of the PA Crimes Code

 **POLICE CRIMINAL COMPLAINT**

| Docket Number. CR-379-18 | Date Filed 10/31/18 | OTN/LiveScan Number U644048-6 | | Complaint/Incident Number PA 2018-1081232 |
|---|---|---|---|---|
| **Defendant Name** | First: DENISE | | Middle: ANNE | Last: CROOKER |

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older: 0 | | | | |
|---|---|---|---|---|---|---|---|---|

| ☐ Lead? | 3 | 5532 | (a) | of the | Title 18 , PA Crimes Code | 1 | M3 | | 260/ |
|---|---|---|---|---|---|---|---|---|---|
| | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |

| PennDOT Data (if applicable) | Accident Number | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|

Statute Description (include the name of statute or ordinance):
**Neglect of Animal**

Acts of the accused associated with this Offense:
   IN THAT, on or about said date, Aaron Martin PETERS did fail to provide any of the following for each animal to which the person has a duty of care, whether belonging to himself or otherwise; necessary sustenance and potable water; access to clean and sanitary shelter and protection from the weather; and/or necessary veterinary care; causing bodily injury to the animal or places the animal at imminent risk of serious of serious bodily injury, in violation of Section 5532(a) of the PA Crimes Code.

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older: 0 | | | | |
|---|---|---|---|---|---|---|---|---|

| ☐ Lead?. | 4 | 5533 | (a) | of the | Title 18 , PA Crimes Code | 7 | S | | 260/ |
|---|---|---|---|---|---|---|---|---|---|
| | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |

| PennDOT Data (if applicable) | Accident Number | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|

Statute Description (include the name of statute or ordinance):
**Cruelty to Animal**

Acts of the accused associated with this Offense:
   IN THAT, on or about said date, Aaron Martin PETERS did intentionally, knowingly or recklessly illtreat, overload, beat, abandon or abuse an animal, in violation of Section 5533(a) of the PA Crimes Code

 **POLICE CRIMINAL COMPLAINT**

| Docket Number: CR-379-18 | Date Filed: 10/31/18 | OTN/LiveScan Number U644048-6 | | Complaint/Incident Number PA 2018-1081232 |
|---|---|---|---|---|
| **Defendant Name** | First: DENISE | Middle: ANNE | | Last: CROOKER |

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically. (Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older: 0 |
|---|---|---|---|---|

| ☐ Lead? | Offense # 5 | Section 5532 | Subsection (a) | of the | Title 18 , PA Crimes Code PA Statute (Title) | Counts 7 | Grade S | NCIC Offense Code | UCR/NIBRS Code 260/ |
|---|---|---|---|---|---|---|---|---|---|

| PennDOT Data (if applicable) | Accident Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (include the name of statute or ordinance):
**Neglect of Animal**

Acts of the accused associated with this Offense:
IN THAT, on or about said date, Aaron Martin PETERS did fail to provide any of the following for each animal to which the person has a duty of care, whether belonging to himself or otherwise; necessary sustenance and potable water; access to clean and sanitary shelter and protection from the weather; and/or necessary veterinary care; in violation of Section 5532(a) of the PA Crimes Code.

 **POLICE CRIMINAL COMPLAINT**

| Docket Number:<br>CR-379-18 | Date Filed:<br>10/31/18 | OTN/LiveScan Number<br>U644048-6 | | Complaint/Incident Number<br>PA 2018-1081232 |
|---|---|---|---|---|
| Defendant Name | First:<br>DENISE | | Middle:<br>ANNE | Last:<br>CROOKER |

2. I ask that a warrant of arrest or a summons be issued and that the defendant be required to answer the charges I have made.

3. I verify that the facts set forth in this complaint are true and correct to the best of my knowledge or information and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code (18 Pa.C.S.§4904) relating to unsworn falsification to authorities.

4. This complaint consists of the preceding page(s) numbered 1 through 4.

5. I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

The acts committed by the accused, as listed and hereafter, were against the peace and dignity of the Commonwealth of Pennsylvania and were contrary to the Act(s) of the Assembly, or in violation of the statutes cited.
**(Before a warrant of arrest can be issued, an affidavit of probable cause must be completed, sworn to before the issuing authority, and attached.)**

OCTOBER 19, 2018
(Date)                                    (Signature of Affiant)

AND NOW, on this date, _____ I certify that the complaint has been properly completed and verified. An affidavit of probable cause must be completed before a warrant can be issued.

_____          _____
(Magisterial District Court Number)          (Issuing Authority)

SEAL



# POLICE CRIMINAL COMPLAINT

| Docket Number:<br>CR-379-18 | Date Filed:<br>10/31/18 | OTN/LiveScan Number:<br>U644048-6 | | Complaint/Incident Number<br>PA 2018-1081232 |
|---|---|---|---|---|
| **Defendant Name:** | First:<br>Denise | | Middle:<br>Anne | Last:<br>CROOKER |

## AFFIDAVIT of PROBABLE CAUSE

Your Affiant, Trooper George J. TESSITORE, is a sworn member of the Pennsylvania State Police, currently assigned to the Patrol Section, Troop N, Fern Ridge Station. As such, I am empowered to conducted investigations into the violation of the law of this Commonwealth, including any violation of Title 18, 35, 67, and 75. During the course of such investigations, I am authorized to apply for, obtain, and serve search warrants, make seizures and arrests. Your Affiant has been a member of the Pennsylvania State Police for four years, and as such has been involved in numerous criminal investigations.

On Wednesday, 09/19/18, at approximately 0741 hrs, I was dispatched to 752 Toll Rd, Chestnuthill Township, Monroe County, for a report of a malnourished dog observed to be chained to a tree in the driveway of the residence. I responded to the scene, assisted by Trooper George WEITZ. Upon our arrival at the scene, I observed a black Labrador to be chained to a tree in the driveway as described by the complainant. The Labrador was very skinny, malnourished, and its rib cage was visible. Contact was made at the residence with Aaron Martin PETERS, one of the owners of the animals. The other owner of the animals was identified as the DEFENDANT, Denise Anne CROOKER. At the residence, I located 5 additional dogs in the backyard. All dogs were very skinny, and there was no sight of any food bowls. One dog was observed urinating blood while we were on scene.

On Thursday, 09/20/18, Trooper Shaun FLYNN made application for a search warrant as per Title 18 Section 5553. The search warrant resulted in the seizure of seven (7) dogs and one (1) rabbit. The animals were taken into the care of Camp Papillon, located at 128 Brainarn Ln, Stroudsburg, PA 18360.

On Friday, 10/12/18, a received a copy of veterinary records from the Pocono Peak Veterinary Center. The records showed that one dog had to be put down due to cancer and rocks located in its stomach. The remaining six dogs were found to have flea infestation, Lyme disease, no vaccinations, and the majority under weight for their breed. I spoke with Gerri L. PAPILLON regarding the incident. PAPILLON is employed at Camp Papillon. She related that the dogs were not being fed adequate food/water, the shelters were found to overfilled with feces. PAPILLON further related that the dogs had to be groomed due to dirty, matted hair. The rabbit had overgrown, curled nails from neglected care as well.

On Tuesday, 10/16/18, I consulted with Monroe County ADA Rich WHITE regarding this incident. After providing with him the synopsis of the incident, ADA WHITE advised me to charge the statutes listed on this Criminal Complaint.

Based on the aforementioned, I respectfully request that CROOKER be made to answer to the charges set forth in the Criminal Complaint and Affidavit of Probable Cause.

I, TPR. GEORGE TESSITORE, BEING DULY SWORN ACCORDING TO THE LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

I CERTIFY THAT THIS FILING COMPLIES WITH THE PROVISIONS OF THE CASE RECORDS PUBLIC ACCESS POLICY OF THE UNIFIED JUDICIAL SYSTEM OF PENNSYLVANIA THAT REQUIRE FILING CONFIDENTIAL INFORMATION AND DOCUMENTS DIFFERENTLY THAN NON-CONFIDENTIAL INFORMATION AND DOCUMENTS.

_(Signature of Affiant)_

Sworn to me and subscribed before me this ___31___ day of ___October___ 2018

_____ Date _____, Magisterial District Judge

My commission expires first Monday of January, 2024

SEAL

Elizabeth Anderson, Esquire
1761 Route 590
Hawley, Pennsylvania 18428
(570) 685-1023 – Telephone
(570) 685-5873 – Facsimile Transmission
andrson@ptd.net
Please reply to Hawley address

Monroe County Office:
17 North Sixth Street
Stroudsburg, Pennsylvania 18360

January 29, 2019

Ms. Gerri Papillon
CAMP PAPILLON
128 Brainerd Lane
Stroudsburg, Pennsylvania 18360

RE:  **Denise Anne Crooker**

Dear Ms. Papillon:

This letter follows up our brief conversation at Magistrate Mancuso's court on January 18, 2019 following the preliminary hearing held in connection with animal cruelty charges that were filed against my client, Denise Crooker. As you also know, all of those charges were dismissed against her at the preliminary hearing.

As I asked you back then, my client would like the dogs and rabbit returned to her, including the body of the dog that was euthanized, Kelly . At that time, you indicated that you could not return them.  If we cannot agree to a resolution of this matter, then I will be forced to file a Motion for return of property.

From the testimony adduced at the preliminary hearing, apparently Kelly was euthanized without the permission of the owner(s) of the dog and without a court order. Such action appears to constitute a civil rights violation as Camp Papillon was acting jointly and in concert with the Pennsylvania State Police, a law enforcement agency, and it was you who authorized Kelly's destruction.  I am prepared to file a Motion for the return of the dogs and rabbit, including the body of the deceased dog, Kelly.

Unless a global resolution can be reached, Kelly's destruction may result in the filing of a separate action against all responsible parties. In addition, Camp Papillon posted a newspaper article concerning my client when she was first charged which engendered many nasty comments from the public.

Exhibit "C"

**Ms. Gerri Papillon**                                        **January 29, 2019**
**Page Two**


If I do not hear from you by February 11, 2019, I will assume that your organization is not interested in informally resolving this matter and I will proceed with my Motion.

Thank you.

Cordially yours,


_____

ELIZABETH ANDERSON


**Original sent by certified mail/return receipt requested and by regular mail**
**Certified Mail Receipt Number 7017 0530 0000 0269 3939**
**Additional copy sent by email**


cc:  Ms. Denise Anne Crooker

Elizabeth Anderson, Esquire
1761 Route 590
Hawley, Pennsylvania 18428
(570) 685-1023 – Telephone
(570) 685-5873 – Facsimile Transmission
andrson@ptd.net
Please reply to Hawley address

Monroe County Office:
17 North Sixth Street
Stroudsburg, Pennsylvania 18360

December 27, 2019

Christie E. Bower, Esquire
65155 Route 209, Unit 2
Stroudsburg, Pennsylvania 18360

RE:     **Denise Anne Crooker v. Camp Papillon, et al.**

Dear Ms. Bower:

When you first contacted me, you indicated that you wanted me to sent you proof of ownership of the dogs in question which belonged to Denise Crooker. With the exception of one dog, I did that months ago. The implicit understanding was that upon proof of ownership, the dogs would be returned - otherwise, why would I be sending you proof of ownership? Although I did so a long time ago (with one exception), you have failed and refused to have your client return Ms. Crooker's dogs and have ceased communicating with me. My client has been expecting the return of her dogs for months now and it is starting to look like you have been less than candid with me and that your client never had any intention of returning the dogs.

I reached out to you several months ago and left a message but heard nothing. Therefore, I am putting you and your client on notice that I have permission from Ms. Crooker to sue your client and others in connection with the search warrants, seizure, investigation and failed prosecution.

If your client has insurance, please put the carrier on notice.

I am also advising you that you and your client must preserve evidence, including, without limitation, the dogs and any documents, records or things relative to this case. As you know, since the dogs do not belong to your client, they cannot be adopted. And, since my client has been requesting the return of her dogs since the close of the preliminary hearing, my client is unwilling to pay any board or care bills as the dogs should have been returned long ago and the Cost of Care of Seized Animals Act is not available to your client now.

Exhibit "D"

**Christie E. Bower, Esquire**                                   December 27, 2019
**Page Two**

My client is prepared to file suit under various theories, including, without limitation, claims for conversion and replevin which, as you know, are intentional torts. Attorneys' fees and punitive damage will be sought along with additional relief. Since the enforcement action was taken in full cooperation and in conjunction with a municipal agency, Section 1983 and malicious prosecution claims are also viable options.

Please be guided accordingly.

Cordially yours,

ELIZABETH ANDERSON

**Original sent by email and regular mail**

cc:  Ms. Denise Anne Crooker